## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE RAYTHEON COMPANY SECURITIES LITIGATION | : : : : : | Civil Action No. 99-12142-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : | |

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the 6th day of December, 2004, a hearing was held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated August 17, 2004 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by Lead Plaintiff and the Class against the Raytheon Defendants and PricewaterhouseCoopers LLP ("PwC") in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the Class A and/or Class B common stock of Raytheon Company ("Raytheon") during the period from October 7, 1998 through October 12, 1999, inclusive (the "Class Period"), as

shown by the records of Raytheon's transfer agent and the records compiled by the Notice

Administrator in connection with its previous mailing of the Notice of Pendency, at the

respective addresses set forth in such records, except those persons or entities excluded from the

definition of the Class or who previously excluded themselves from the Class, and that a

summary notice of the hearing substantially in the form approved by the Court was published in

the national edition of The Wall Street Journal pursuant to the specifications of the Court; and

the Court having considered and determined the fairness and reasonableness of the award of

attorneys' fees and expenses requested; and all capitalized terms used herein having the

meanings as set forth and defined in the Stipulation.

     NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of the Action, the Lead

Plaintiff, all Class Members, and the Defendants.

2.     The Court finds that the prerequisites for a class action under Federal Rules of

Civil Procedure 23 (a) and (b)(3) have been satisfied in that:  (a) the number of Class Members is

so numerous that joinder of all members thereof is impracticable; (b) there are questions of law

and fact common to the Class; (c) the claims of the Class Representatives are typical of the

claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and

adequately represent the interests of the Class; (e) the questions of law and fact common to the

members of the Class predominate over any questions affecting only individual members of the

Class; and (f) a class action is superior to other available methods for the fair and efficient

adjudication of the controversy.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes

of the Settlements this Court hereby finally certifies this action as a class action on behalf of all

persons or entities who purchased Class A and/or Class B common stock of Raytheon Company during the period from October 7, 1998 through October 12, 1999, inclusive, and who were allegedly damaged thereby.  Excluded from the Class are the Defendants, all of the officers, directors, and partners thereof, members of their immediate families, and their legal representatives, heirs, successors or assigns and any entity in which any of the foregoing have or had a controlling interest.  Also excluded from the Class are the persons and/or entities who previously excluded themselves from the Class in accordance with the requirements set forth in the Notice of Pendency, as listed on Exhibit 1 annexed hereto.  Also excluded from the Class with respect to the PwC Settlement are the persons and/or entities listed on Exhibit 2 annexed hereto, provided, and only to the extent that, such persons and/or entities, if any, otherwise would be members of the Class.  The Settlement Notice directed persons requesting exclusion to state the "date(s), price(s), and number(s) of shares of all purchase and sales of Raytheon Class A and/or Class B common stock during the Class Period."  As reflected in Exhibit 2, the entities represented by State Street Bank and which requested exclusion have indicated that they had no Class Period purchases of Raytheon Class A and/or Class B common stock.  The six individuals requesting exclusion have not demonstrated that they would otherwise be members of the Class, although as noted in Exhibit 2, upon inquiry by counsel they generally indicated that they have limited if any class period purchases.

4.     Notice of the Proposed Settlements was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the terms and conditions of the proposed Settlements met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and

3

any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.     The Settlements are approved as fair, reasonable and adequate to the Class Members, and the Class Members and the parties are directed to consummate the Settlements in accordance with the terms and provisions of the Stipulation.

6.     The Settlement Warrants are to be issued in exchange for bona fide outstanding claims; all parties to whom it is proposed to issue such securities have had the right to appear at the hearing on the fairness of the Settlement; and the Settlement Warrants are therefore unrestricted and freely tradable exempted securities pursuant to Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. § 77c(a)(10).

7.     The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs.

8.     Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, the Settled Claims against the Released Parties. "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, liability or relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, foreseen or not foreseen, raised or not raised,

4

matured or un-matured, at law or in equity, whether direct, class or individual in nature,

including both known claims and Unknown Claims, (i) that have been asserted in the Action by

the Class Members or any of them against any of the Released Parties, or (ii) that could have

been asserted in any forum by the Class Members or any of them against any of the Released

Parties which (a) arise out of, relate in any way to, or are based upon the allegations,

transactions, facts, matters or occurrences, representations or omissions involved, set forth, or

referred to in the Complaint or Action, and relate to the purchase, sale, or holding of shares of

Class A and/or Class B common stock of Raytheon Company during the Class Period, or (b) that

arise out of or relate in any way to the defense or settlement of the Action (except for claims to

enforce the Settlement). "Released Parties" means the Released Raytheon Parties, the Released

Individual Defendant Parties and the Released PwC Parties. "Released Individual Defendant

Parties" means any and all of the Individual Defendants, and their past, present, or future

partners, agents, attorneys, employees, heirs, successors in interest or assigns, administrators,

executors and personal representatives, and shall include any insurer who contributes to or

reimburses Raytheon and/ or the Individual Defendants for a portion of its or their contribution

to the Raytheon Settlement and who receives a release from the Individual Defendants in

connection with the Settlement.  Released Individual Defendant Parties does not mean or include

the Released Raytheon Parties or the Released PwC Parties.  "Released Raytheon Parties" means

Raytheon and any and all of its past, present and future, direct and indirect subsidiaries, parents,

affiliates, successors and predecessors, and each of their respective officers, directors, agents,

employees, assigns, partners, principals, divisions, representatives, affiliates, attorneys, advisors,

investment advisors, accountants and any person, firm, trust, corporation, officer, director or

other individual or entity in which Raytheon has a controlling interest or which is related to or

affiliated with Raytheon, and shall include any insurer who contributes to or reimburses Raytheon for a portion of its contribution to the Raytheon Settlement and who receives a release from Raytheon in connection with the Settlement. Released Raytheon Parties does not mean or include the Released Individual Defendant Parties or the Released PwC Parties. "Released PwC Parties" means PricewaterhouseCoopers LLP and all of its past, present and future parent entities, direct and indirect subsidiaries, affiliates, predecessors (including, without limitation, Coopers & Lybrand, L.L.P. and Price Waterhouse LLP) and successors, and each of their respective past, present and future directors, officers, partners, principals, employees, agents, representatives, affiliates, advisers, investment advisers, insurers, servants, accountants attorneys and any person, firm, trust, corporation, officer, director or other individual or entity in which PwC has or had a controlling interest or which is or was related to or affiliated with PwC, and their respective representatives, heirs, successors in interest and assigns. Released PwC Parties does not mean or include the Released Individual Defendant Parties or the Released Raytheon Parties. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9.    The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, the "Settled Defendants' Claims" against Alan G. Hevesi, Comptroller of the State of New York, NYSCRF, the New York State and Local Retirement Systems, and the past, present, or future officers and employees of any of the foregoing and their predecessors, successors and assigns, and the heirs, administrators, executors and personal representatives of each (the "Released Lead Plaintiff Parties") or any of the Class Members or their attorneys.

6

"Settled Defendants' Claims" means the Settled Raytheon Defendants' Claims and the Settled

PwC Defendants' Claims. "Settled Raytheon Defendants' Claims" means any and all claims,

rights or causes of action or liabilities whatsoever, whether based on federal, state, local,

statutory or common law or any other law, rule or regulation, including both known claims and

Unknown Claims, that have been or could have been asserted in the Action or any forum by the

Released Raytheon Parties and the Released Individual Defendant Parties, or any of them,

against any of the Released Lead Plaintiff Parties, any Class Members or their attorneys, which

arise out of or relate in any way to the institution, prosecution, or settlement of the Action

(except for claims to enforce the Settlement). "Settled PwC Defendants' Claims" means any and

all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state,

local, statutory or common law or any other law, rule or regulation, including both known claims

and Unknown Claims, that have been or could have been asserted in the Action or any forum by

the Released PwC Parties or any of them against any of the Released Lead Plaintiff Parties, any

Class Members or their attorneys, which arise out of or relate in any way to the institution,

prosecution, or settlement of the Action (except for claims to enforce the Settlement). The

Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released,

discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein

and this Order and Final Judgment.

10.    "Barred Claims" means any claim(s) for contribution, indemnity, equitable

indemnity, reimbursement, or any other claim, however denominated, by which the claimant

seeks to recover losses based upon, arising out of, relating to, or in connection with, the Settled

Claims of the Class or any Class Member, whether arising under state, federal or common law

(hereinafter, the "Barred Claims"). The Court hereby permanently bars and enjoins all Barred

Claims (a) against the Released Parties; (b) by the Released Parties against any person or entity other than a person or entity (excluding Released Parties) whose liability has been extinguished by Settlement, except that nothing in this Order shall affect any of the Released Parties' rights with respect to their respective insurance carriers.

11.    Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)    offered or received in any legal proceeding against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

(b)    offered or received in any legal proceeding against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c)    offered or received in any legal proceeding against any of the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided,

8

however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)     construed in any legal proceeding against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as or received in evidence in any legal proceeding as an admission, concession or presumption against any of the Released Lead Plaintiff Parties or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Funds.

12.     The Plan of Allocation is approved as fair and reasonable, and Plaintiff's Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

13.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14.     Plaintiff's Lead Counsel are hereby awarded ___9___ % [9% requested] of the Gross Cash Settlement Funds and the Settlement Warrants in fees, which sums the Court finds to *reasonable expenses to be determined* be fair and reasonable, and $_____ [$6,992,407.22 requested] from the Gross Cash Settlement Funds in reimbursement of expenses, which expenses shall be paid to Plaintiff's Lead Counsel from the Gross Cash Settlement Funds with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Gross Cash Settlement Funds

9

earn. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion

which, in the opinion of Plaintiff's Lead Counsel, fairly compensates Plaintiffs' Counsel for their

respective contributions in the prosecution of the Action.

15. In making this award of attorneys' fees and reimbursement of expenses to be paid

from the Gross Settlement Funds, the Court has considered and found that:

(a) the settlements have created funds of $260 million in cash that is already

on deposit, plus interest thereon, and $200 million in warrants, that thousands of Class Members

who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiff's

Lead Counsel;

(b) Over 180,000 copies of the Settlement Notice were disseminated to

putative Class Members indicating that Plaintiff's Lead Counsel were moving for attorneys' fees

in the amount of nine percent (9%) of each of the Gross Cash Settlement Funds and Gross

Settlement Warrants, and for reimbursement of expenses in an amount not to exceed $8.25

million, and only two objections were filed against the terms of the proposed Settlement or the

fees and expenses requested by Plaintiffs' Counsel contained in the Settlement Notice;

(c) Plaintiff's Lead Counsel have conducted the litigation and achieved the

Settlement with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and was actively

prosecuted and defended over five years and, in the absence of a settlement, would involve

further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

10

(e)     Had Plaintiff's Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the Class may have recovered less or nothing from the Defendants; and

(f)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement proceeds are fair and reasonable in comparison with awards in similar cases.

16.     Lead Plaintiff is hereby awarded from the Gross Cash Settlement Funds the sum of $ 2,664.87 [$2,664.87 requested] for reimbursement of its reasonable costs and expenses directly relating to its representation of the Class, plus interest on such expenses (at the same net interest rate as is earned on the Gross Cash Settlement Funds from the date the Gross Cash Settlement Funds are deposited into escrow to the date of payment).

17.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

18.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:        Boston, Massachusetts

11

_12 / 6_ , 2004

Honorable Patti B. Saris
United States District Judge

## EXHIBIT 1

### List of Persons and Entities Excluded from the Class in the In re Raytheon Company Securities Litigation

The following persons and entities properly excluded themselves from the Class in response to the Notice of Pendency in the In re Raytheon Company Securities Litigation:

| *EXCLUSION REQUESTS RECEIVED IN RESPONSE TO THE NOTICE OF PENDENCY* | |
|---|---|
| Elizabeth F. Summerkind<br>675 Clubland Circle<br>Congers, GA 30094 | John A. & Catherine I. Campbell<br>14 Greenwich Road<br>Edison, NJ 08820 |
| Mitchell J. Alga, Executor<br>P.O. Box 153<br>Kilmarnock, VA 22482 | Deborah Davis<br>20259 Keystone St.<br>Detroit, MI 48234 |
| James C. McConnell<br>P.O. Box 35<br>Hatfield, MA 01038 | Wilma & James Sell<br>24971 Carnoustie Ct., SE<br>Bonita Springs, FL 34135 |
| Marie M. Caulfield<br>17052 Dolphin Drive<br>N. Redington Beach, FL 33708 | Donnabell & James Parrett<br>417 West 7th St.<br>Peru, IN 46970 |
| James & Betty Diltz<br>312 Timberhill Court<br>Knoxville, TN 37922 | Elizabeth Rollinger<br>7340 Gronow<br>Center Line, MI 48015 |

| EXCLUSION REQUESTS RECEIVED IN RESPONSE TO THE NOTICE OF PENDENCY | |
|---|---|
| Barry R. McNaughton<br>63 Ontario Street<br>St. Catharine, Ontario, Canada | Charlotte A. Maher<br>Apt. S-417<br>202 N. Atlantic Ave.<br>Cocoa Beach, FL 32931 |
| Louis Laroche<br>P.O. Box 1832<br>Orleans, MA 02653 | Dana Edwards for Emma Starin<br>453 S. Ringold St.<br>Janesville, WI 53545 |
| Don E. and Betty A. Haymann<br>11 Exeter Lane<br>Belleville, IL 62226 | Barbara Simmons MacFarlane<br>5100 Chevy Chase Pkwy. NW<br>Washington, DC 20008 |
| Florence Whittemore<br>431 North Road<br>Yarmouth, ME 04096 | Jimmy and Betty A. Greene<br>33343 Lake Bend Ct.<br>Leesburg, FL 34788 |
| George A. Anderson<br>2970 St. Johns Avenue, Unit 8D<br>Jacksonville, FL 32205 | Franklin D. & Cynthia Austin<br>5 Sunrise Terrace<br>Springfield, VT 05156 |
| James C. & Jean R. Wilson | Florence L. Knight<br>300 East Golden Oaks Drive<br>Green Barrel City, TX 75156 |
| Faye H. Peevey | Mrs. Bess Boodley<br>46 Stratton Ct.<br>Roobbinsville, NJ 08691 |

| *EXCLUSION REQUESTS RECEIVED IN RESPONSE TO THE NOTICE OF PENDENCY* | |
|---|---|
| C. Robert Spellman<br>64229 E. Orangewood Ln.<br>Tucson, AZ 85739 | Ethel A. Goldberg<br>3063 Guildford "D"<br>Boca Raton, FL 33434 |
| Norman Jarnecke<br>1721 N. Seminary<br>Woodstock, IL 60098 | Martin I. Hart<br>275 Via Pucon<br>Palm Desert, CA 92260 |
| E. Thomas Pappert<br>4750 Ardmore Drive<br>Bloomfield Hills, MI 48302 | Thomas A. Reed<br>4614 Wendover St.<br>Wichita Falls, TX 76309 |
| Mary Ann Tulla<br>Garden Hills<br>BA-9 Hastings St.<br>Guagnolio, PR 00966 | Charles K. Miles<br>5816 SW Sterling Lane<br>Topeka, KS 66604 |
| Dorothy S. Evans<br>44 Carrolwood Circle<br>Ormond Beach, FL 32174 | Lee H. Henkel, Jr.<br>780 Johnson Ferry Rd., 6th Fl.<br>Atlanta, GA 30342 |
| Wolfgang A. & Catherine Jonek<br>59248 Conifer Ct.<br>Washington Twp., MI 48094 | Murray J. Smidt<br>5518 Lincoln Road<br>Martinsville, IN 46151 |
| Marianna McLoughlin<br>1708 Moreno Place<br>Lady Lake, FL 32159 | Betty H. Johnson<br>154 Brentwood Dr., NE<br>Thomson, GA 30824 |

| EXCLUSION REQUESTS RECEIVED IN RESPONSE TO THE NOTICE OF PENDENCY | |
|---|---|
| Margaret R. Kell<br>14914 Elmont Dr.<br>Houston, TX 77095 | John S. Graham<br>350 Paseo De Playa, #124<br>Ventura, CA 93001 |
| Betty J. & William Powell<br>229 Tamarack Ave.<br>Naperville, IL 60540 | John S. & Monique M. Mackasey<br>13627 Smokey Hollow Place<br>Carmel, IN 46033 |
| Joseph W. Mandel<br>5845 Morris Rd.<br>Marcy, NY 13403 | Judy A. Leonhart<br>P.O. Box 8<br>Yoder, CO 80864 |
| Waldo A. Barron<br>2518 S. 91st E. Place<br>Tulsa, OK 74129 | Virginia L. Black<br>5316 53rd Avenue E M-17<br>Bradenton, FL 34203-5611 |
| Semon Friesell<br>167 North Dr.<br>Pittsburgh, PA 15238 | Patricia A. Ficht<br>6429 W. 85th Street<br>Burbank, IL 60459 |
| Jose & Phyllis Vidal<br>2693 La Casita Ave.<br>Las Vegas, NV 89120 | Bill and Judy Miner<br>Rt. 1 Box 92<br>Comfort, TX 78013 |
| Marilyn Frifel<br>44 N. Vail Ave., #209<br>Arlington Hts., IL 60005 | Marjorie E. Harwell<br>8820 Jennie Lee Lane<br>Dallas, TX 75227 |

| | |
|---|---|
| *EXCLUSION REQUESTS RECEIVED IN RESPONSE TO THE NOTICE OF PENDENCY* | |
| Edna Mourning<br>38072 Alta Dr.<br>Fremont, CA 94536 | John & Loretta A. Broeckelmann<br>2413 Oakmont Court<br>High Ridge, MO 63049 |
| William Canham<br>4836 Agnes Avenue<br>N. Hollywood, CA 91607 | Angeline Maiatico<br>Sewell, NJ |
| David R. Wilkinson<br>1 Lakeside Drive, Unit #15<br>St. Catharine, Ontario, Canada | Hunter Motel & Restaurant<br>8100 Louisdale Rd.<br>Newington, VA 22122 |
| Sheila C. Thompson<br>P.O. Box 6148<br>Traverse City, MI 49696 | Diana Purcell<br>11720 Birch Glen Court<br>San Diego, CA 92131 |
| Robert M. Kerwin<br>10530 Santo Marco Court<br>Las Vegas, NV 89135 | Christopher Mosier<br>P.O. Box 171<br>Deming, NM 88031 |
| Nedra S. Mosley<br>1734 Malvern Rd.<br>Jackson, MI 49203 | Mario Cassetta<br>7A Jeff Dr.<br>Etobicoke, Ontario M9C 1J5 Canada |
| Shirley V. Granzow<br>2078 Scotch Fr.<br>Holland, WI 49423 | Martha B. Hartmann<br>Northview<br>1322 Swartz Road<br>Woodstock, VA 22664 |

| EXCLUSION REQUESTS RECEIVED IN RESPONSE TO THE NOTICE OF PENDENCY | |
|---|---|
| Eric B. Leighton<br>129 Bennington Road<br>Akron, OH 44313 | Chester Ivan Utley<br>3832 West 134th Place<br>Hawthorne, CA 90250 |
| Alton L. & Nancy C. Lightsey<br>4207 Blue Heron Lane<br>Evans, GA 30809 | Matthew M. & Sara S. Wilcox |
| Donald A. Kissell<br>7019 Reed Ct.<br>Arvada, CO 80003 | William A. & Teresa Richardson<br>40 Baily Road<br>Yeodon, PA 19050 |
| Russell L. & Mary N. Johnson<br>9732 Morningside Loop, #4<br>Anchorage, AK 99515 | Jerry L. & Phyllis C. Hardy<br>516 N. Meridian St.<br>Greentown, IN 46936 |
| Julia T. Ascher<br>2960 Bethel Church Rd.<br>Bethel Park, PA 15102 | Stephen Boryzki<br>15204 Dickens St., #5<br>Sherman Oaks, CA 91403 |
| Michael J. Fealy<br>1800 County Road 310<br>Beeville, TX 78102 | Charles M. Orsinger<br>2206 Camelback Dr.<br>San Antonio, TX 78209 |
| Constance M. Emmens<br>1284-90th Street<br>Niagara Falls, NY 14304 | Howard and Joyce Wood<br>P.O. Box 18<br>Bonne Terre, MO 63628 |
| Helen Lois Downing<br>2449 Virgo Dr.<br>Colorado Springs, CO 80906 | Barbara Festoff<br>18 No. Cambridge<br>Ventnor, NJ 08406 |

| EXCLUSION REQUESTS RECEIVED IN RESPONSE TO THE NOTICE OF PENDENCY | |
|---|---|
| Rosamond P. Sullivan<br>620 Koko Isle Circle<br>Honolulu, HI 96825 | Edgar L. Kneaves<br>19501 Conser<br>Stilwell, KS 66085 |
| Margaret Burke<br>820-5 Sage Creek Lane<br>Fayetteville, NC 28305 | Gayle E. Plummer<br>14427 S.E. Topaz<br>Milwaukie, OR 97267 |
| Corwin L. Cambray<br>15 Beacon Hill Drive<br>St. Catharine, Ontario L2T2X6 Canada | Walter S. Downs<br>8213 Fort Hunt Road<br>Alexandria, VA 22308 |
| Joseph J. O'Hare, Jr.<br>1527 Forest Villa Ln.<br>McLean, VA 22101 | Mary L. Covington<br>2601 Waverly Drive<br>Newport Beach, CA 92663 |
| La Salle Academy<br>612 Academy Avenue<br>Providence, RI 02908 | |

**EXHIBIT 2**

**List of Persons and Entities Excluded from the Class as to the PwC Settlement
in the <u>In re Raytheon Company Securities Litigation</u>**

The following persons and entities, and only the following persons and entities, have submitted requests for exclusion from the Class as to the PwC Settlement:

| | |
|---|---|
| **1.**<br><br>**Chester Iven Utley**<br>**Pace Ira**<br>**3832 W. 134th Place**<br>**Hawthorne, California 90250-6106**<br><br><br>(Mr. Utley purchased 15 shares of Raytheon for $1,035.00 on 08/12/99 and sold 15 shares for $476.23 on 11/19/99.) | **2.**<br><br>**Marjorie Harwell**<br>**CGM IRA Rollover Custodian**<br>**PM Account**<br>**8820 Jennie Lee Ln**<br>**Dallas, Texas 75227-8329**<br><br>(Ms. Harwell did not know the details of her transactions in Raytheon and did not want to be bothered.) |
| **3.**<br><br>**Paul Frederick Caruso**<br>**360 S. Clover Ave.**<br>**San Jose, California 95128**<br><br>(Indicated that his transactions were small, usually not more than 100 shares.) | **4.**<br><br>**Philip R. Girard**<br>**SSB IRA Custodian**<br>**FS/Oppenheimer Capital-Equity**<br>**1512 W. Eastbrook Dr.**<br>**Mequon, Wisconsin 53092-2971**<br><br><br><br>(Mr. Girard stated that he wasn't sure about numbers, prices or dates of Raytheon transactions, but said it was a "minor amount," in the hundreds, not thousands of dollars.) |

| 5. | 6. |
|---|---|
| Katherine Ann Thompson<br>SSB IRA Custodian<br>SBAM Growth/Value<br>120 Dill St. SE<br>Huntsville, Alabama 35801-1803<br><br>(Ms. Thompson was not sure about numbers, prices or dates, but identified a ballpark figure of $1,000 or less in transactions.) | Carrie G. Lutz<br>3211 Shoreview Dr.<br>Highland Village, Texas 75077<br><br>(Ms. Lutz purchased 116 shares of Raytheon Class A common stock on February 1, 1999 for $55.75 per share, received additional shares through dividends. Ms. Lutz sold 56 shares on September 17, 1999 for $2,972.96 and sold another 112 shares on October 13, 1999 for $2,491.94.) |
| **7.** | **8.** |
| DIRECTV Non-Bargaining Employees<br>Thrift and Savings Plan<br>DIRECTV Savings Plus Plan<br>c/o John Scott Feely<br>State Street Bank and Trust Company<br>As Trustee for the DIRECTV Plans<br>One Heritage Drive<br>North Quincy, Massachusetts 02171<br><br>(Claims no Class Period purchases of<br>   Raytheon Class A and/or Class B common<br>   stock. ) | General Motors Savings Stock Purchase Plan<br>General Motors Personal Savings Plan<br>Delphi Savings Stock Purchase Plan<br>Delphi Personal Savings Plan<br>Saturn Individual Savings Plan<br>c/o John Scott Feely<br>State Street Bank and Trust Company<br>As Trustee for the GM SSPP, GM PSP, DPH SSPP, DPH PSP, Saturn ISP<br>One Heritage Drive<br>North Quincy, Massachusetts 02171<br><br>(Claims no Class Period purchases of<br>   Raytheon Class A and/or Class B<br>   common stock.) |